IN THE TAX COURT OF THE
STATE OF OREGON

COOS COUNTY ASSESSOR

*v.*

DEPARTMENT OF REVENUE

*and*

EVERGREEN COURT FOR RETIREMENT LIVING, INC.,
*Intervenor*

(TC 4215)

David A. Cameron, Coos County Legal Counsel, represented Plaintiff (county).

James C. Wallace, Assistant Attorney General, Justice Department, Salem, filed an answer but did not further argue the cause.

Paul Stamnes, Schwabe, Williamson & Wyatt, Portland, represented Intervenor (taxpayer).

Decision for Intervenor rendered April 3, 1998.

### CARL N. BYERS, Judge.

Plaintiff, Coos County (county), appeals from Defendant's opinion and order which held that ORS 307.370(1) provides a personal property tax exemption for qualifying homes for the elderly without regard to the veterans' exemptions. Taxpayer, Evergreen Court for Retirement Living, Inc., intervened and defended. There is no dispute of material fact, and the matter has been submitted to the court on cross motions for summary judgment.

Taxpayer is a nonprofit home for the elderly that qualifies for exemption under ORS 307.375. As a qualifying organization, it applied for and received a property tax exemption for its personal property for tax years 1993-94 through 1995-96. It also applied for an exemption for 1996-97 and 1997-98. However, the assessor denied exemption for those years, finding taxpayer's personal property did not qualify. In addition, he revoked the exemptions for the earlier years and added their value to the tax rolls as omitted property. Taxpayer appealed this action to the Department of Revenue, which found in taxpayer's favor. The county then appealed to this court.

### ISSUE

Does the personal property tax exemption provided in ORS 307.370(1) apply to all the personal property of a qualifying nonprofit home for the elderly or just to the personal property used by residents who qualify for a veterans' exemption under ORS 307.250?

## ANALYSIS

██      To keep the issue in perspective it must be remembered that tangible personal property used for "personal use, benefit or enjoyment" is exempt from taxation. ORS 307.190(1).[1] Excluded from the exemption is tangible personal property used in a trade or business, for production of income, or solely for investment. ORS 307.190(2)(a). The statutes also provide a limited property tax exemption for qualifying veterans or widows of veterans. This exemption applies to both personal and real property and is limited in dollar amount. ORS 307.250. With that perspective, the court must consider the text and context of ORS 307.370(1) to ascertain the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). The portion of the statute in question provides:

> "In aid of veterans tax exemptions, subject to the conditions prescribed in ORS 307.370 to 307.385 and 308.490, there shall be exempt from taxation the personal property and a portion of the real property computed as provided in ORS 307.380, owned or being purchased under a contract by a corporation described in ORS 307.375 which is actually and exclusively occupied and used in the operation of a nonprofit home for elderly persons." ORS 307.370(1).

The text of the statute is clear and unambiguous. It exempts personal property of the qualifying nonprofit corporation that is actually and exclusively occupied and used in the operation of a nonprofit home for elderly persons. To obtain the exemption, the corporation must file an application with the county assessor. ORS 307.380. There is no limitation upon the value, kind, or location of the tangible personal property.

██ ██      The exemption for personal property is to be contrasted with the limited exemption provided for real property. The statute exempts only a "portion of the real property." That portion is to be "computed as provided in ORS 307.380." Inasmuch as the modifier "portion" only refers to real property, only real property is subject to the calculations under ORS 307.380. Thus, it is clear from the context of ORS

---

[1] All references to the Oregon Revised Statutes are to 1995.

307.380(2) that only those elderly residents who qualify for veterans' exemptions under ORS 307.250 to ORS 307.300 may apply for the partial real property tax exemption provided by ORS 307.370. Administratively, the nonprofit corporation must assist the elderly person in preparing the application forms submitted to the assessor. The statute provides: "The total of such exempt amounts in each facility, together with the exemption on personal property, shall constitute the exemption allowed the corporation." ORS 307.380(2)(c). That language indicates that the partial exemption for real property is limited to elderly residents who qualify for veterans' exemptions. The personal property tax exemption is not limited or so conditioned.

The county emphasizes that ORS 307.370(1) begins with the phrase "[i]n aid of veterans tax exemptions." It contends that this phrase limits all of the exemptions provided by that section.

■     The county claims too much for this phrase. The statute is in "aid of veterans tax exemptions" because it provides a partial real property tax exemption that directly benefits elderly residents who qualify for veterans' benefits. Absent ORS 307.370, such elderly residents would not receive any benefit under ORS 307.250. The personal property tax exemption is granted without regard to veterans' benefits. Accordingly, it is broader than the "personal use" exemption of ORS 307.190 and more extensive than the veterans' property tax exemption.

The text of the statute is consistent with its context. To obtain the exemption granted by ORS 307.370(1), the qualifying nonprofit corporation must file for exemption under ORS 307.380(1). The total of the claims for exemptions submitted by the elderly residents who qualify for veterans' exemptions plus "the" exemption on personal property constitutes the total exemption allowed the corporation. ORS 307.385 also requires the corporation to credit the account of each resident whose living unit was taken into account in determining the real property tax exemption. No such requirement exists for the personal property tax exemption.

In summary, both the text and context of ORS 307.370(1) indicate that the personal property tax exemption

granted to qualifying nonprofit homes for the elderly are not related to or limited by veterans' exemptions, provisions or conditions. Accordingly, the department's Opinion and Order dated August 13, 1997, finding in the taxpayer's favor must be sustained. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that Intervenor's Cross Motion for Summary Judgment is granted. Costs to neither party.